UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-　　　　　　　　　　　　　　　　　　　No.　21-CR-537-LTS

KENDALL JACKSON,

       Defendant.

-------------------------------------------------------x

## ORDER

Kendell Jackson[1] has moved, pursuant to 18 U.S.C. section 3582(c)(1)(A), for a reduction of his sentence of 27 months of imprisonment to time served. (Docket entry no. 112 (the "Motion").) The Court has reviewed the parties' submissions carefully and, for the following reasons, the Motion is denied without prejudice.

## BACKGROUND

On August 25, 2021, Mr. Jackson was charged in a one-count indictment with conspiring to distribute and possess with intent to distribute 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, known colloquially as "crack cocaine," in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(A), and 846. (Docket entry no. 2.) On January 4, 2023, Mr. Jackson pleaded guilty to the lesser included offense of conspiring to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(C), and 846. (Docket entry no. 85 ("PSR") at 26.) Mr. Jackson was thereafter sentenced by this Court to a

---

[1] The true spelling of Mr. Jackson's name is "Kendell." (See docket entry no. 105 ("Sent. Tr.") at 3-5; docket entry no. 93 ("J&C") at 2.) The Court uses that correct spelling in the body of this Order.

below-guidelines custodial term of 27 months, to be followed by three years of supervised release. (See J&C.)

Mr. Jackson filed a motion for a sentence reduction for time served pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) on August 19, 2024. (Docket entry no. 112 (the "Motion").) The Government filed a letter memorandum in opposition on September 7, 2024 (docket entry no. 116 ("Gov. Mem."), and Mr. Jackson filed a reply on September 10, 2024 (docket entry no. 117 ("Reply Mem.")). The Motion is now fully briefed.

## Discussion

Section 3582(c)(1)(A) provides, in relevant part, that:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-41). The Court thus ordinarily considers (1) whether the defendant has exhausted his administrative remedies; (2) "the factors set forth in section 3553(a) to the extent they are applicable"; (3) whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction; and (4) whether the reduction sought is consistent with policy guidance from the U.S. Sentencing Commission. "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (citation omitted).

Mr. Jackson, whose projected release date is December 4, 2024, did not request that the warden of his facility make a compassionate release motion on his behalf, instead filing his own Motion directly with the Court. The Government opposes the Motion due to Mr. Jackson's failure to exhaust his administrative remedies, and on the merits of Mr. Jackson's request. (Gov. Mem. 4.) For the reasons explained below, the Court finds that Mr. Jackson has not properly met the exhaustion requirement set forth in Section 3582(c)(1)(A). The Court therefore does not reach the merits of the Motion.

Administrative Exhaustion

Mr. Jackson does not dispute that he has failed to comply with the administrative exhaustion requirement of Section 3582(c)(1)(A), but asserts that he is entitled to be excused from the requirement on grounds of futility because a Federal Bureau of Prisons (the "BOP") Program Statement precludes facility wardens from recommending compassionate release of individuals who, like Mr. Jackson, are subject to detainers associated with concurrent state-imposed sentences.[2] (Motion at 4-5.) The Government contends that futility cannot excuse Mr. Jackson from Section 3582(c)(1)(A)'s exhaustion requirement, characterizing the exhaustion

---

[2] It is not at all clear that the cited Program Statement precludes the administrative relief that Mr. Jackson failed to seek. While the procedure prescribed by the Program Statement requires that a warden address the resolution of any detainers in a recommendation for release, it specifically calls for provision of status information for any detainers that have not been resolved at the time release is recommended. See FED. BUREAU OF PRISONS, PROGRAM STATEMENT 5050.50, COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C. §§ 3582 AND 4205(g), at 13 (2019). The Government takes no position on the merits of Mr. Jackson's arguments in support of futility, having asserted that a futility exception is inappropriate in this context. (See Gov. Mem. at 4-5.) United States v. Williams, 456 F. Supp. 3d 414, 418-19 (D. Conn. 2020), which Mr. Jackson cites in support of his interpretation of the Program Statement, does not analyze the relevant interpretive position, because the Government did not oppose the defendant's motion in that case. See id. at 419.

requirement as a mandatory claim-processing rule that admits of no futility exceptions.  (Gov. Mem. at 4-5.)

The Court finds the Government's reasoning persuasive.  (See id.)  As noted by both parties, the Second Circuit has held that the exhaustion requirement of Section 3582(c)(1)(A) is "[n]ot a jurisdictional limitation," but rather a "claim processing rule," that consequently "may be waived or forfeited by the government."  United States v. Saladino, 7 F.4th 120, 123 (2d Cir. 2021) (internal quotation marks omitted) (citing Hamer v. Neighborhood Hous. Servs., 138 S. Ct. 13, 17 (2017)).  Although "less stern" than a jurisdictional limitation, "[m]andatory claim-processing rules must be enforced" if properly invoked.  Hamer, 138 S. Ct. at 17 (citation omitted).

The Supreme Court, and the Second Circuit, have made clear that, "[w]here Congress specifically mandates, exhaustion [of administrative remedies] is required."  McCarthy v. Madigan, 503 U.S. 140, 144 (1992); see also Washington v. Barr, 925 F.3d 109, 116 (2d Cir. 2019) (citing McCarthy, 503 U.S. at 144), cert. denied, 141 S. Ct. 555 (2020).  It is only where Congress has "not clearly required exhaustion" that "sound judicial discretion governs," and exceptions to an exhaustion requirement are appropriate under "at least three broad sets of circumstances," McCarthy, 503 U.S. at 144, one of which includes futility.  See id. at 147-48; see also Washington, 925 F.3d at 118.  Thus, where "Congress has mandated exhaustion," it is inappropriate to "read futility or other exceptions" into the statute.[3]  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

---

3   The cases cited by Mr. Jackson in support of a futility exception largely rely on the Second Circuit's opinion in Washington v. Barr, which involved a statute that, unlike Section 3582(c)(1)(A), did not "mandate exhaustion of administrative remedies."  925 F.3d at 115, 116; see also United States v. Ogarro, No. 18-CR-373-9-RJS, 2020 WL 1876300, at *4 (S.D.N.Y. Apr. 14, 2020).  Rather, the exhaustion requirement at issue in

The Second Circuit recently applied these principles in the context of a statute with a similarly unequivocal administrative exhaustion requirement, 8 U.S.C. section 1421(c).[4] See Donnelly v. Controlled Application Rev. & Resol. Program Unit, 37 F.4th 44 (2d. Cir. 2022). In Donnelly, the Second Circuit rejected the petitioner-appellant's invitation to "read an equitable 'manifest injustice' exception" into the statute, likening the dispute to the case of Booth v. Churner, 532 U.S. 731 (2022), in which the Supreme Court declined to read an "extra-statutory" futility exception into the statutory exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. section 1997e(a). Donnelly, 37 F.4th at 56 (citing Booth, 532 U.S. at 741 n.6). As in Donnelly, because Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule and the Government has properly raised Mr. Jackson's failure to exhaust, the "rule must be enforced." Donnelly, 37 F.4th at 57; cf. Saladino, 7 F.4th at 124 (remanding a Section 3582(c)(1)(A) motion to the district court for consideration on the merits where "the Government no longer assert[ed] the exhaustion requirement as a defense").

---

Washington was imposed by the district court as a "rule of judicial administration," 925 F.3d at 116, i.e., a "judge-made" rule, for which "judge-made" exceptions, such as futility, would be appropriate. See Donnelly v. Controlled Application Rev. & Resol. Program Unit, 37 F.4th 44, 57 (2d Cir. 2022). While the Washington Court, in reciting the limited circumstances in which exhaustion may be excused, referred to both judge- and statutorily-created exhaustion requirements, both the specific context of Washington and a later decision, discussed below, suggest more strongly that statutory mandates are waivable only by the Government.

[4] Compare 8 U.S.C.A. § 1421(c) (Westlaw through P.L. 118-78) ("A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of [Title 8], may seek review of such denial before the United States district court for the district in which such person resides . . . ." (emphasis added)), with 18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-78) ("[T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." (emphasis added)).

In short, because Mr. Jackson has failed to comply with the mandatory exhaustion requirement of Section 3582(c)(1)(A) or demonstrate persuasively that waiver of such requirement by this Court is permissible or necessary, his motion for a sentence reduction pursuant to this provision is denied without prejudice.

CONCLUSION

For the foregoing reasons, Mr. Jackson's Motion is denied, without prejudice to renewal following Mr. Jackson's compliance with the exhaustion requirement of 18 U.S.C. section 3582(c)(1)(A). This Order resolves docket entry no. 112.

SO ORDERED.

Dated: New York, New York
      September 17, 2024

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge