UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

-v-                                                                     No.   21-CR-537-LTS

KENDALL JACKSON,

       Defendant.

-------------------------------------------------------x

## ORDER

Pending before the Court is Kendell Jackson's[1] renewed motion, pursuant to 18 U.S.C. section 3582(c)(1)(A), for a reduction of his sentence of 27 months of imprisonment to time served. (Docket entry no. 120 (the "Renewed Motion").) The Court has reviewed Mr. Jackson's submission carefully and, for the following reasons, the Renewed Motion is denied without prejudice.

## BACKGROUND

The facts underlying the Renewed Motion were set forth in the Court's September 17, 2024 Order (docket entry no. 118 (the "September Order")), and are summarized in relevant part below.

On August 25, 2021, Mr. Jackson was charged in a one-count indictment with conspiring to distribute and possess with intent to distribute 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, known colloquially as "crack cocaine," in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(A), and 846. (September Order

---

[1] The true spelling of Mr. Jackson's name is "Kendell." (See docket entry no. 105 ("Sent. Tr.") at 3-5; docket entry no. 93 ("J&C") at 2.) The Court uses that correct spelling in the body of this Order.

at 1.) On January 4, 2023, Mr. Jackson pleaded guilty to the lesser included offense of conspiring to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. sections 841(a)(1), 841(b)(1)(C), and 846. (Id.) Mr. Jackson was thereafter sentenced by this Court to a below-guidelines custodial term of 27 months, to be followed by three years of supervised release. (Id. at 1-2.) His projected release date is December 4, 2024. (Id. at 3.)

Mr. Jackson filed a motion for a sentence reduction to time served pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) on August 19, 2024. (Docket entry no. 112 (the "Motion").) The Court denied this request on September 17, 2024, finding that Mr. Jackson had failed to comply with the mandatory exhaustion requirement of Section 3582(c)(1)(A) or demonstrate persuasively that waiver of such requirement by this Court was permissible or necessary. (September Order at 6.) On October 22, 2024, Mr. Jackson renewed his request for a sentence reduction, premised on the same grounds underlying his initial Motion. (See Renewed Motion.)

## DISCUSSION

Section 3582(c)(1)(A) provides, in relevant part, that:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 118-106). The Court thus ordinarily considers (1) whether the defendant has exhausted his administrative remedies, or whether the Government has waived or forfeited this requirement, United States v. Saladino, 7 F.4th 120,

121-22 (2d Cir. 2021); (2) "the factors set forth in section 3553(a) to the extent they are applicable"; (3) whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction; and (4) whether the reduction sought is consistent with policy guidance from the U.S. Sentencing Commission. "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). <u>United States v. Ebbers</u>, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020) (citation omitted).

In his Renewed Motion, Mr. Jackson asserts that he has now complied with Section 3582(c)(1)(A)'s mandatory exhaustion requirement, because (1) on September 18, 2024, Mr. Jackson submitted a request for compassionate release to the Warden of his facility, United States Penitentiary, Canaan ("USP Canaan"), which read in full, "I would like to be considered for Compassion Release by you"; and (2) following the Warden's denial of Mr. Jackson's September 18 request for failure to provide information regarding the "extraordinary or compelling circumstances that the inmate believes warrant consideration" and his proposed release plans, Mr. Jackson attempted to submit a more detailed request but "was not permitted to submit this application and . . . was informed by [Federal Bureau of Prisons ('BOP')] staff that his attorney needed to pursue any such application on his behalf." (<u>See</u> Renewed Motion at 1-2; docket entry nos. 120-1 ("Short-Form Request"), 120-2 ("Warden Denial Letter"), 120-3 ("Detailed Request").)

"In enacting and amending the compassionate release provision of Section 3582, Congress expressed unambiguously its intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates." <u>United States v. Collado</u>, No. 14-CR-731-LTS, 2021 WL 2555838, at *3 (S.D.N.Y. June 21, 2021) (citations omitted). In light of that statutory purpose, courts have

generally required a defendant to present to the warden of his or her facility the "the same or similar ground for compassionate release" he or she plans to raise in a motion to the court, in order to properly exhaust that ground. Id. (gathering case law). Here, there is nothing in the record establishing that Mr. Jackson tendered a written explanation of the grounds for his petition to the Warden of his facility; the submission that was reviewed and denied by the Warden of USP Canaan did not specify the grounds for his compassionate release request. (See Short-Form Request.)

Mr. Jackson appears to argue that he has nevertheless properly exhausted his claims, because (1) thirty days have elapsed since receipt of his initial submission;[2] and (2) Mr. Jackson could not submit a more detailed request, because he was told that his attorney needed to pursue an application for compassionate release on his behalf. (See Renewed Motion at 1-2.) Mr. Jackson does not, however, proffer evidence that there was a delivery or attempted delivery of the second submission to the Warden by either Mr. Jackson or his counsel, and a refusal by the Warden to entertain it. Accordingly, Mr. Jackson has not satisfied the exhaustion prerequisite contemplated by Section 3582(c)(1)(A) for bringing his compassionate release motion based on the same issues before this Court (see Renewed Motion at 2 (citing docket entry nos. 112, 117)),

---

[2] District courts within the Second Circuit and other circuit courts "have split on how to interpret [Section 3582(c)(1)(A)'s] provision permitting an inmate to move for a sentence reduction 'after . . . the lapse of 30 days from the receipt' by the warden of an inmate's request for the BOP to move on his behalf[.]" Saladino, 7 F.4th at 123-24 (explaining that some courts interpret the provision to require 30 days to elapse from receipt of a defendant's request without receiving a response from the warden, while others have held that the 30-day waiting period authorizes the defendant to directly file a motion with the district court, regardless of the warden's response to the defendant's request). The Court need not address this issue at this juncture because, as explained above, Mr. Jackson has not demonstrated that the Warden of USP Canaan had the opportunity to consider the bases underlying Mr. Jackson's Motion and Renewed Motion to this Court.

and the Court must deny Mr. Jackson's Renewed Motion, without prejudice to renewal once he has exhausted his administrative remedies as to those issues.

## CONCLUSION

For the foregoing reasons, Mr. Jackson's Renewed Motion is denied, without prejudice to renewal following Mr. Jackson's compliance with the exhaustion requirement of 18 U.S.C. section 3582(c)(1)(A) as to the bases on which Mr. Jackson seeks to rely. This Order resolves docket entry no. 120.

SO ORDERED.

Dated: New York, New York
October 25, 2024

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge